UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ERIC ROWE-JONES, *Plaintiff,* -against- CREDIT ONE BANK, N.A., AND FINWISE BANK, *Defendants.* | **COMPLAINT AND DEMAND FOR JURY TRIAL** 1:22-cv-01355 TJM/DJS |

By and through the undersigned counsel, Plaintiff Eric Rowe-Jones ("Plaintiff"), with knowledge as to Plaintiff's own acts and investigation of counsel as to the acts of others, and believing that further investigation and discovery will confirm that the allegations recited herein have substantial evidentiary support, states as follows:

### Introduction

1. Pursuant to the Fair Credit Reporting Act, 15 U.S.C. § 1681 et seq. ("FCRA"), Plaintiff brings this action against Defendants Credit One Bank, N.A. ("Credit One") and FinWise Bank ("FinWise") (Credit One and FinWise are the "Furnisher Defendants") to recover actual, statutory, and punitive damages. In addition, Plaintiff is entitled to an award of costs and attorney's fees in this statutory fee-shifting action.

### Jurisdiction and Venue

2. The jurisdiction of this Court is conferred by 15 U.S.C. § 1681p. This Court has supplemental jurisdiction of state claims asserted herein pursuant to 28 U.S.C. §1367(a).

3. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(2).

4. A substantial portion of the harm Defendants caused Plaintiff due to their FCRA violations was suffered by Plaintiff in this Judicial District.

## The Parties

5. Plaintiff is an individual and "consumer" within the meaning of the FCRA. Plaintiff resides in Ballston Lake, New York.

6. Defendant Credit One is a foreign entity that conducts business in the State of New York and is a "furnisher of information" within the meaning of the FCRA.

7. Defendant FinWise is a foreign entity that conducts business in the State of New York and is a "furnisher of information" within the meaning of the FCRA.

## Plaintiff's Claims Against Defendants Pursuant to the Fair Credit Reporting Act and/or New York Fair Credit Reporting Act

8. Plaintiff disputed to National Consumer Reporting Agency Equifax Information Solutions LLC ("Equifax") that certain accounts on his credit reports that did not belong to him ("Disputed Accounts"). The Disputed Accounts included (a) an account with Credit One, opened on March 20, 2019 ("Credit One Account"), and (b) two accounts with FinWise, opened on November 19, 2019, and February 13, 2020, respectively ("FinWise Accounts").

9. After being notified of Plaintiff's disputes, Credit One and FinWise unlawfully and inaccurately verified to Equifax that the Disputed Accounts belonged to Plaintiff. These publications defamed Plaintiff, thereby (a) giving creditors and/or potential creditors the false impression that Plaintiff was a poor credit risk, and (b) causing Plaintiff to suffer substantial emotional distress. As such, Plaintiff has suffered concrete and particularized injuries pursuant to the Fair Credit Reporting Act such that Plaintiff has Article III standing to bring claims under the FCRA.

`

*Plaintiff's Claims*

10. Because of their unlawful reporting and verifications of the Disputed Accounts, Furnisher Defendants Credit One and FinWise are liable to Plaintiff for violating § 1681s-2(b) of the FCRA by their acts and omissions, including but not limited to:

    a. failing to conduct reasonable investigations of Plaintiff's Disputes of the inaccurate the Credit One Account and FinWise Accounts after receiving notice of Plaintiff's Disputes from Equifax;

    b. failing to review all relevant information provided to Credit One and FinWise by Equifax concerning Plaintiff's Disputes;

    c. failing to promptly and properly modify, delete, or permanently block any and all information about the Disputed Credit One Account and FinWise Accounts that, had Credit One and FinWise conducted reasonable investigations of Plaintiff's Disputes, could not have affirmatively verified as accurate; and

    d. falsely representing to Equifax that Plaintiff was responsible for the Disputed Accounts.

## Statement of Facts

*Dispute(s) to Equifax about Credit One and FinWise Accounts*

1. In or around March 2021, Plaintiff disputed the Credit One Account to Equifax.

2. Upon information and belief, Equifax notified Credit One about the Credit One Dispute.

3. After Plaintiff's dispute and upon information and belief, Credit One verified to Equifax that the Credit One Account was reporting accurately even though Credit One could not, had it performed a reasonable investigation, have verified that the disputed information was accurately attributable to Plaintiff.

`

4. Equifax, in turn, continued to report the disputed Credit One Account to one or more third-parties. Equifax informed Plaintiff that Credit One had verified the Credit One Account in dispute results dated April 22, 2021.

5. In or around March 2021, Plaintiff disputed the FinWise Accounts to Equifax.

6. Upon information and belief, Equifax notified FinWise about the FinWise Disputes.

7. After Plaintiff's dispute and upon information and belief, FinWise verified to Equifax that the FinWise Accounts were reporting accurately even though FinWise could not, had it performed reasonable investigations, have verified that the FinWise Accounts belonged to Plaintiff.

8. Equifax, in turn, continued to report the disputed FinWise Accounts to third parties. Equifax informed Plaintiff of its conclusion in dispute results dated April 22, 2021.

*Damages*

11. At all times pertinent hereto, the conduct of Credit One and FinWise and their agents was malicious, intentional, willful, reckless, and in wanton disregard for the rights of Plaintiff pursuant to the FCRA.

12. In the alternative, the conduct of Credit One and FinWise and their agents was in negligent disregard of the rights of Plaintiff pursuant to the FCRA.

13. Credit One and FinWise, as a direct and proximate result of their unlawful actions, conduct, and omissions, defamed Plaintiff by verifying false information about Plaintiff to Equifax, causing such information to be published to third parties.

14. Each Defendant's verification of inaccurate information, which caused the publication of inaccurate information, about Plaintiff caused Plaintiff to suffer damages cognizable pursuant to the FCRA, including but not necessarily limited to the following:

    a. Plaintiff suffered substantial emotional distress. That emotional distress includes ongoing stress and anxiety. Plaintiff's emotional distress has manifested itself through a variety of symptoms, including frustration, humiliation, and apprehension about applying for credit.

    b. Plaintiff was defamed by each Defendant, all of which verified false information about Plaintiff that damaged Plaintiff's reputation for creditworthiness and impugned Plaintiff's reputation. Such defamation further contributed to, among other things, Plaintiff's ongoing emotional distress.

15. The damages Plaintiff suffered are cognizable actual damages under the Fair Credit Reporting Act.

16. Because of Defendants' willful violations of the fair credit laws, Plaintiff is entitled to an award of actual damages (or statutory damages), such punitive damages as the Court may allow, and Plaintiff's costs and reasonable attorney's fees.[1]

**FIRST CAUSE OF ACTION**
**VIOLATIONS OF THE FCRA BY CREDIT ONE AND FINWISE**
**(FURNISHER DEFENDANTS)**

17. Plaintiff realleges and incorporates the above paragraphs as if reasserted and realleged herein.

18. Based on the facts alleged in this Complaint, Credit One and FinWise violated FCRA § 1681s-2(b) by their acts and omissions.

---

[1] Even if a jury finds that Defendants' unlawful conduct was merely negligent, Plaintiff would still be entitled to an award of actual damages, costs, and reasonable attorney's fees in this fee-shifting action.

`

**WHEREFORE**, Plaintiff seeks judgment in Plaintiff's favor and damages and equitable relief against Defendants:

1. Awarding against each Defendant actual damages, statutory damages, punitive damages, costs and reasonable attorney's fees pursuant to 15 U.S.C. § 1681n and § 1681o.

2. Such other and further relief as may be necessary, just, and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Federal Rule of Civil Procedure 38, Plaintiff demands a trial by jury as to all issues so triable.

*/s/ Brett D. Sherman*
Brett D. Sherman
**Sherman & Ticchio PLLC**
brett@st-legal.com
120 N. Main Street Suite 302(b)
New City, NY 10956
212.324.3874

`