**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

ERIC ROWE-JONES,

                          Plaintiff,

      v.

CREDIT ONE BANK, N.A.,

                          Defendant.

1:22-CV-1355
(TJM/DJS)

## ORDER

Presently pending is a dispute among the parties regarding the discoverability of a prior settlement agreement entered into by Plaintiff. The issue concerns a settlement reached in *Rowe-Jones v. Ally Financial, Inc., et al.*, 1:22-cv-34 (N.D.N.Y.), a case which, like this one, involves the Fair Credit Reporting Act. *See* Dkt. No. 39. Plaintiff settled that matter against Equifax. *Id.*; *see also* Dkt. No. 43. Defendant Credit One now wishes to learn the terms of the settlement and Plaintiff objects, relying on the confidential nature of the settlement. Dkt. Nos. 42 & 43. Following briefing of the parties, the Court directs Plaintiff to disclose to Credit One the financial amount received in the settlement in the prior action, but Plaintiff need not disclose the entire settlement agreement.

One of the arguments raised by Credit One is that the settlement amount would be relevant under the "one satisfaction rule" that limits recovery for a single injury. Dkt. No. 42. The parties vigorously dispute whether that rule is applicable on the facts of this case. Dkt. Nos. 42 & 43. It is unclear whether the one satisfaction rule applies to Fair Credit Reporting Act claims. *See, e.g.*, *Williams v. LVNV Funding, LLC*, 2017 WL 1331014, at * 2 (N.D. Ala. Apr. 11, 2017) (citing cases). Defendant clearly intends to argue that it does apply, and that question

- 1 -

will ultimately be for the District Court Judge to decide.  The amount of the settlement, therefore, is proportionally relevant to a key issue in the case and should be disclosed.  While strong public policy arguments may sometimes justify keeping settlement amounts private, there is no heightened burden to show the relevance of a settlement amount in the context of discovery. *Rates Tech. Inc. v. Cablevision Sys. Corp.*, 2006 WL 3050879, at *3 n.3 (E.D.N.Y. Oct. 20, 2006).  Here, having reviewed it *in camera*, the Court determines that the full settlement agreement is not subject to disclosure as the only material relevant to the one satisfaction rule is the settlement amount itself.  Therefore, Plaintiff is directed simply to advise Credit One's counsel, in writing, within fourteen days, of the amount paid under the prior settlement.

**IT IS SO ORDERED**.

Dated:    January 2, 2024
          Albany, New York

_____
Daniel J. Stewart
U.S. Magistrate Judge